UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Bley, Steve Adams, Joanne Sobelman, and Jeffrey L. Wood, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ClickShip Direct, Inc., a Minnesota corporation; and DAMARK INTERNATIONAL, INC., d/b/a Provell, a Minnesota corporation,<br><br>Defendants. | **File No. 01-CV-661 MJD/SRN**<br><br>**STIPULATION REGARDING CLASS CERTIFICATION** |

**STIPULATION**

The parties, through their undersigned counsel, hereby stipulate as follows with respect to Plaintiffs' motion for class certification:

1. As used herein, "Employee" is defined as it is in the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101, et seq. and interpreting case and/or other law.

2. As used in this stipulation, Class One relates to Counts I (WARN Act claim) and III (Minn. Stat. § 181.13 claim) and Class Two relates to Counts II (Breach of Contract-related claim) and III (Minn. Stat. § 181.13 claim).

3. The parties agree that Class One will be defined for purposes of the Motion for Class Certification and Notice as:

   All persons (i) who were employees of Defendant ClickShip Direct, Inc. and/or Defendant Damark, International, Inc., and who worked for Defendant ClickShip Direct, Inc. at either its former fulfillment center, 6900 93rd Avenue North, Brooklyn Park, MN 55445, or its former corporate headquarters, 7101 Winnetka Avenue North, Brooklyn Park, MN 55428; (ii) who suffered an "employment loss" as defined in 29 U.S.C. § 2101 when they were involuntarily terminated from employment

FILED ... 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

during the period from February 24, 2001 through March 29, 2001, (iii) as a consequence of the closing of ClickShip's Fulfillment Center, and (iv) who have not executed written agreements releasing the claims asserted by this class.

4. The parties agree that Class Two shall be defined for purposes of the motion for Class Certification and Notice as:

All persons who (i) were employees of Defendant ClickShip Direct, Inc. on the date of the closing (i.e., February 24, 2001) at either its former fulfillment center, 6900 93rd Avenue North, Brooklyn Park, MN 55445, or its former corporate headquarters, 7101 Winnetka Avenue North, Brooklyn Park, MN 55428; and (ii) were salaried employees participating in the ClickShip 2000 Incentive Plan; (iii) who were involuntarily terminated from employment on or after February 24, 2001; and (iv) who have not executed written agreements releasing the claims asserted by this class.

5. The parties understand and agree that Classes One and Two therefore exclude any individuals who voluntarily left their employment at any time.

6. The parties agree that notice shall not be sent to any individual who would be excluded by virtue of the provisions herein.

7. This stipulation does not affect a party's subsequent right to seek, at any time before trial on the merits in this action, amendment or alteration of the class definitions, the creation of subclasses, decertification of any or all classes, and/or exclusion of individual persons from either or both of the classes.

8. This stipulation does not affect Defendants' pending Rules 12 and 56 motions and the parties agree that if the Court grants the motions as to Counts II and/or III in Plaintiffs' Complaint, the class shall be further limited as appropriate, e.g., to exclude identification of a Breach of Contract-related class and/or to exclude references to any claim for relief sought under Counts II and/or III. With respect to the Court's ruling on defendants' pending Rules 12 and 56 motions, this stipulation also does not affect any party's right to seek discretionary review under 28 U.S.C. § 1292(b) or Fed. R. Civ. P. 23(f), including review of class certification matters as they are affected by the Court's decisions on the merits of the claims.

9. Subject to the provisions of the previous paragraph about potential amendment of the Class Notice after the Court's rulings on Defendants' pending Rules 12 and 56 motions, the parties stipulate to the use of the Class Notice attached hereto as Exhibit A.

10. The parties stipulate and agree that, with regard to benefits, Plaintiffs and any class members seek only those benefits, if any, not already paid to or on behalf of them for the period from February 24, 2001, through and including March 30, 2001.

11. The parties agree that this stipulation and the class parameters established herein do not constitute a waiver by any party of any legal position that may be taken in the litigation and that the purpose of this stipulation is to efficiently and cooperatively set parameters for potential class membership at this initial stage of the lawsuit.

12. The parties agree that Plaintiffs will not give Notice to any class member until the parties agree to the timing of the Notice or until the Court orders otherwise.

**SPRENGER & LANG, P.L.L.C.**

Susan M. Coler, #217620
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
fax (612) 871-9270

**MANSFIELD TANICK & COHEN, P.A.**
Seymour J. Mansfield, #67271
V. John Ella, #249282
900 Second Avenue South, #1560
Minneapolis, MN 55402-3383
(612) 339-4295
fax (612) 339-3161

**ATTORNEYS FOR PLAINTIFFS**

**FLYNN & GASKINS, L.L.P.**

John Laravuso 11/16/01

Barbara Jean D'Aquila, #2112X
John J. Laravuso, #259123
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500
fax (612) 333-9579

**ATTORNEYS FOR DEFENDANTS**

## ORDER

The Court hereby adopts, as its order, the above-reached stipulation regarding Plaintiffs' motion for class certification and conditionally certifies Classes One and Two to the extent set forth in the stipulation.

The Court further orders as follows: On or before January 4, 2002, Defendants shall provide to Plaintiffs, in a computer-readable format, the names and last known addresses of the class members as defined in the stipulation. After Defendants provide said names and last known addresses, if Plaintiffs' counsel certify in writing to Defendants that any particular class member cannot be located at the class member's last known address, Defendants may, at their option, undertake to locate a current address for the particular class member and provide that current address to Plaintiffs. Alternatively, Defendants shall provide to Plaintiffs the particular class member's social security number, which Plaintiffs and their counsel may use only for purposes of locating the class member's current address or other contact information and which Plaintiffs and their counsel will otherwise maintain confidentially.

BY THE COURT:

Michael J. Davis

Michael J. Davis
United States District Court
11-27-01

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Bley, Steve Adams, Joanne Sobelman, and Jeffrey L. Wood, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

ClickShip Direct, Inc., a Minnesota corporation; and Damark International, Inc., d/b/a Provell, a Minnesota corporation,

Defendants.

Court File No. O1-CV-661 (MJD/SRN)

**CLASS NOTICE**

**NOTICE TO CERTAIN PERSONS WHO WERE INVOLUNTARILY TERMINATED FROM EMPLOYMENT AS A RESULT OF THE CLOSING OF CLICKSHIP DIRECT, INC.'S FULFILLMENT CENTER ON OR AFTER FEBRUARY 24, 2001**

**PLEASE READ THIS NOTICE CAREFULLY**
**YOU ARE NOT BEING SUED BUT THIS NOTICE MAY AFFECT YOUR RIGHTS**

NOTICE IS HEREBY GIVEN that a class action lawsuit is pending in the above-entitled case in the Federal District Court of Minnesota ("the Court"). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, you are hereby notified that on ____________________, 2001, the United States District Court conditionally certified classes in the above-entitled matter, which are limited as follows:

Class One:

All persons (i) who were employees of Defendant ClickShip Direct, Inc. and/or Defendant Damark, International, Inc., and who worked for Defendant ClickShip Direct, Inc. at either its former fulfillment center, 6900 93rd Avenue North, Brooklyn Park, MN 55445, or its former corporate headquarters, 7101 Winnetka

Avenue North, Brooklyn Park, MN 55428; (ii) who suffered an "employment loss" as defined in 29 U.S.C. § 2101 when they were involuntarily terminated from employment during the period from February 24, 2001 through March 29, 2001, (iii) as a consequence of the closing of ClickShip's Fulfillment Center, and (iv) who have not executed written agreements releasing the claims asserted by this class.

Class Two:

All persons who (i) were employees of Defendant ClickShip Direct, Inc. on the date of the closing (i.e., February 24, 2001) at either its former fulfillment center, 6900 93rd Avenue North, Brooklyn Park, MN 55445, or its former corporate headquarters, 7101 Winnetka Avenue North, Brooklyn Park, MN 55428; (ii) were salaried employees participating in the ClickShip 2000 Incentive Plan; (iii) who were involuntarily terminated from employment on or after February 24, 2001; and (iv) who have not executed written agreements releasing the claims asserted by this class.

You have been identified as a potential member of one or both of these classes and your rights may be affected by the lawsuit. The purpose of this notice is only to inform all Class Members of the existence of this action and each individual's right to be included or excluded from the class(es).

This notice explains:

A. The Nature and History of the Lawsuit.

B. The Right to Be Included In, or Excluded From, the Class.

C. Additional Information.

## A. The Nature and History of the Lawsuit

**[NOTE TO COURT—THE PARTIES AGREE THAT THIS PARAGRAPH AND OTHER PORTIONS OF THIS NOTICE WILL NEED TO BE REVISED IF THE COURT GRANTS ALL OR PART OF DEFENDANTS' PENDING RULES 12 AND 56 MOTIONS.]**

The Plaintiffs allege that the Defendants violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U. S. C. § 2101, *et seq.*, by terminating them without sufficient notice; breached an employment contract based on the ClickShip 2000 Incentive Plan; and violated Minnesota Statute § 181.13 by failing to pay wages after written demand. Plaintiffs are seeking money damages to be paid to each class member. The Defendants have not yet filed a formal Answer to the claims because they have filed initial motions to dismiss and for summary judgment

as to some of the claims, but the Defendants deny that they are liable to the Plaintiffs on any grounds.

The Court ruled that this case could proceed as a class action on ________________, 2001. The giving of this notice should not be understood as the expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by any party. The issues in the case are contested. The Court's conditional certification of the classes means only that the final outcome of the lawsuit — whether favorable to the Plaintiffs or to the Defendants — will apply in like manner to, and legally bind, every class member, i.e., to all persons who fit one or both of the class descriptions above who do not timely elect to be excluded from the class(es). The conditional certification does not mean that any money or other relief will be obtained by class members; there are contested issues that have not been decided.

The Court has named the following persons as class representatives:

Douglas Bley
Steve Adams
Joanne Sobelman
Jeffrey L. Wood

The Court has named the following attorneys as Class Counsel:

**MANSFIELD, TANICK & COHEN, P.A.**
Seymour J. Mansfield
V. John Ella
Brian R. Dockendorf
900 Second Avenue South, #1560
Minneapolis, MN 55402-3383

and

**SPRENGER & LANG, P.L.L.C.**
Susan M. Coler
325 Ridgewood Avenue
Minneapolis, MN 55403

***You have the right to obtain your own attorney to represent you, or to represent yourself, in this matter.***

Counsel for ClickShip Direct, Inc. and Damark International, Inc. are:

**FLYNN & GASKINS, L.L.P.**
Barbara Jean D'Aquila
John Laravuso
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402

**B. The Right To Be Included In, or Excluded From, The Class**

**YOU HAVE THE RIGHT CHOOSE WHETHER YOU WILL REMAIN A MEMBER IN THE CLASSES OR NOT.**

***If you want to be INCLUDED in the class(es) applicable to you, you must follow the procedure in number 1 below.***

***If you want to be EXCLUDED from the class(es) applicable to you, you must follow the procedure in number 2 below.***

1. You have been identified as a member of one or both of the classes described above. ***If you do nothing, you will remain a member of one or both of the class(es) and be bound by the results of this lawsuit, including any judgment entered, whether favorable or unfavorable.*** If there is a recovery in favor of a class in which you are a member, you may receive a money award. In order to receive this award, if any, you must notify Plaintiffs' attorneys of any change of address or if your present address is different from the address on the envelope that this notice came in. **You may be required, as a condition to participating in any recovery through settlement or trial, to present evidence (e.g., about your damages) through testimony and/or other means**. As a member of the class(es), you may enter an appearance through your own attorney or request that the Court allow you to intervene (i.e., participate in the case) through your own attorney or on your own. If you do not want to be represented by your own attorney, you will be represented by Class Counsel listed above. The appearance of your own attorney is not necessary to remain a class member. You may seek the guidance of an attorney in deciding whether to remain a class member and, as indicated below in section C, you and/or your attorney may review the pleadings on file in this case at any time. If you want to appear or intervene through your own attorney or on your own, you must do so by filing with the Court and serving on all counsel appropriate formal pleadings such that they are actually received on or before [SPECIFIC DATE: I.E., THE DATE THAT IS 30 DAYS FROM THE DATE THAT NOTICE IS TO BE MAILED].

2. ***If you wish to be excluded from the class,*** you must send a written notice that is actually received at the addresses below on or before [SPECIFIC DATE]. The notice should state your full name, address, and telephone number, along with a statement that you wish to be excluded from the class in the case of Bley, *et al.* v. ClickShip Direct, Inc., *et al.* ***For your convenience, a copy of an appropriate Request for Exclusion form is attached and you are encouraged to use that form if you seek exclusion.*** You must file copies of your written notice requesting exclusion at:

| Mansfield, Tanick & Cohen, P.A. | ***AND*** | Flynn & Gaskins, L.L.P. |
|---|---|---|
| 900 Second Avenue South, #1560 | | 333 So. Seventh Street, Suite 2900 |
| Minneapolis, MN 55402-3383 | | Minneapolis, MN 55402 |
| Attention: Sandy Pawlak | | Attention: John Laravuso |

***Any notice of exclusion must be RECEIVED at the addresses above on or before ____________, 2001.***

*If you request exclusion from the class, you will not be entitled to receive a share of any recovery and you will not be bound by any judgment in the case, whether favorable or unfavorable.*

**C. Additional Information.**

A copy of the specific terms of the class action order has been retained by both Class Counsel and can be reviewed by you during normal working hours at the addresses for Class Counsel set forth above. You may also see a copy of the Complaint and the Order at www.sprengerlang.com. Finally, you may review the pleadings and other filings in this case at the United Stated District Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

Trial on the merits will be held before the Honorable Michael J. Davis, U.S. District Judge, at the United States District Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, at a time to be determined in the future. Should settlement be proposed that is acceptable to the class representatives, notice of the proposed settlement will be published to those electing to remain a class member in a manner like this notice and a hearing will be held by the Court shortly after that. Class members will have an opportunity to object to any proposed settlement. However, class members will be bound by any decision on the merits in this case, whether there is a recovery or not, or by any settlement approved by the Court.

***If you choose to be included in the class, please keep Class Counsel informed of any changes of your address.***

If you have any questions, they may be addressed to Class Counsel. ***Do Not Address Inquiries to the Court or to Flynn & Gaskins, counsel for ClickShip Direct, Inc. and Damark International, Inc..***

Minneapolis, Minnesota, this _____ day of ____________, 2001.

_______________________________________
Clerk, United States District Court

**Request for Exclusion**

**TO BE EXCLUDED FROM THE CLASS(ES), YOU MUST COMPLETE AND MAIL OR HAVE THIS FORM DELIVERED SO THAT IT IS *RECEIVED* ON OR BEFORE [INSERT DATE TO BE AGREED UPON].**

**Read the enclosed legal notice carefully before filling out this form.**

The undersigned has read the notice of class action, dated _______________, and does NOT wish to remain a member of the plaintiff class(es) certified in the case of Douglas Bley, et al. v. ClickShip Direct, Inc., et al., Court File No. 01-CV-661, in the United States District Court for the District of Minnesota.

Date: ________________________

________________________________
Typed/handwritten name

________________________________

________________________________
Address

________________________________
Phone Number

________________________________
Signature

If you want to exclude yourself from the class, you must complete and return copies of this form to the addresses below **so that they are RECEIVED on or** before _______________ [date]:

Mansfield, Tanick & Cohen, P.A.
900 Second Avenue South, #1560
Minneapolis, MN 55402-3383
Attention: Sandy Pawlak

***AND***

Flynn & Gaskins, L.L.P.
333 So. Seventh Street, Suite 2900
Minneapolis, MN 55402
Attention: John Laravuso