UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Bley, Steve Adams, Joanne Sobelman, and Jeffrey L. Wood, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

ClickShip Direct, Inc., a Minnesota corporation; and DAMARK INTERNATIONAL, INC., d/b/a Provell, a Minnesota corporation,

Defendants.

Court File No. 01-CV-661 MJD/SRN

**PROTECTIVE ORDER**

Based on the attached stipulation entered into by the parties, **IT IS SO ORDERED**:

Michael J. Davis
United States District Court

MAR 04 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Douglas Bley, Steve Adams, Joanne Sobelman, and Jeffrey L. Wood, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

ClickShip Direct, Inc., a Minnesota corporation; and DAMARK INTERNATIONAL, INC., d/b/a Provell, a Minnesota corporation,

Defendants.

Court File No. 01-CV-661 MJD/SRN

**STIPULATION AND PROTECTIVE ORDER**

---

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs Douglas Bley, Steve Adams, Joanne Sobelman, and Jeffrey L. Wood, on their own behalf and on behalf of all others similarly situated ("Plaintiffs") and defendants ClickShip Direct, Inc., a Minnesota corporation; and DAMARK INTERNATIONAL, INC., d/b/a Provell, a Minnesota corporation ("defendants" or "Provell") as follows:

1. In connection with discovery proceedings in this action, any information deemed by the party producing it to be confidential or proprietary in nature, including, without limitation, information contained in documents, things or objects, answers to interrogatories, deposition testimony, or any other form obtained during discovery in this action, may be designated as "Confidential" by the producing party and will be subject to the terms of this Stipulation and Protective Order. Such information may include material which

contains or reflects confidential or proprietary information. (Hereinafter, such designated material is referred to as "Confidential Information.")

2. The designating party may designate any information or documents as Confidential Information by:

(a) imprinting the word "Confidential" on the first page or cover page of any document produced;

(b) imprinting the word "Confidential" next to or above any answer to an interrogatory;

(c) advising the court reporter that certain testimony is "Confidential" and is to be separately transcribed and marked accordingly; or

(d) informing all other counsel, in writing, that certain information is Confidential Information and is governed by this protective order.

3. Information designated as "Confidential" shall not be given, shown, made available, or communicated in any way to anyone other than:

(a) The parties' attorneys (including Defendants' in-house counsel) and their legal assistants and support staff;

(b) Plaintiffs/class members;

(c) Defendants' employees, officers, directors, agents and representatives involved in this litigation on behalf of Defendants;

(d) The Court and its staff;

(e) Outside consultants and experts retained by the parties to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(f) Court reporters;

(g) Such other persons as the Court may specifically approve after notice and hearing;

(h) Such other persons as the parties may agree in writing; and

(i) Non-party deponents during the course of a deposition.

4. Before disclosing Confidential Information to the outside consultants and experts retained to assist in preparation for trial or settlement, or to such other persons as the parties may agree in writing, counsel for the party proposing to make such a disclosure shall obtain from these individuals the form of agreement to be bound by this Stipulation and Protective Order that is attached hereto as Exhibit A. Counsel for the party who disclosed the Confidential Information shall retain the original of the agreement.

5. In the event that any party to this litigation disagrees with the propriety of another party's designation of information as "Confidential," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party opposing the designation of information as confidential may seek appropriate relief from the Court.

6. A party may designate documents or information produced by another party or a non-party as Confidential Information under the terms of this Stipulation and Protective Order.

7. Any person to whom disclosure of Confidential Information is made pursuant to the terms and conditions contained herein shall not use or communicate Confidential Information for any purpose other than preparation for trial or settlement of this matter.

8. There shall be no reproduction of documents designated as Confidential Information except that, as required in the course of the litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Stipulation and Protective Order to receive the Confidential Information.

9. Confidential Information required to be filed with the Court or included in materials filed with the Court shall be filed in a sealed envelope that bears the caption of this

action and a legend declaring that its contents are subject to a protective order and shall be available for inspection only by the Court and by those persons authorized by this Order to receive Confidential Information.

10. If, at the time of trial, any party wants to use any Confidential Information, that party shall give thirty (30) days advance notice of that intention to the Court and to the other parties, and the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

11. Within thirty (30) days after the final termination of this action, including all appeals, the Plaintiffs' attorneys and any other parties bound by the terms of this Stipulation shall return any and all Confidential Information, including all copies, excerpts, or summaries thereof, to Defendants' attorneys. The Plaintiffs' attorneys may retain a single copy of the Confidential Information, and any summaries or excerpts thereof, for a period of two years after the final termination of this action, and thereafter shall return their copies of the Confidential Information to Defendants' attorneys. During this two-year period, the Plaintiffs' attorneys shall not disclose, show, or otherwise disseminate any portion of the Confidential Information to any other person for any purpose without the prior written consent of Defendants.

12. This Stipulation and Protective Order is without prejudice to any right of a party to make use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make use of such information.

13. Nothing in this Stipulation and Protective Order shall prevent any party from seeking a modification of this Order or objecting to discovery that it believes to be otherwise improper.

14. The obligations and responsibilities of the parties and the parties' counsel under this Protective Order shall continue in effect after the conclusion of the case.

15. Violations of this Stipulation and Protective Order shall be subject to the contempt powers of this Court and such other sanctions as the Court may deem appropriate.

Dated: 2/27/02, 2002

MANSFIELD, TANICK & COHEN, P.A.

Seymour J. Mansfield (67271)
V. John Ella (249282)
Brian R. Dockendorf (302715)
900 Second Avenue South, #1560
Minneapolis, MN 55402-3383
(612) 339-4295

SPRENGER & LANG, PLLC

Susan M. Coler (217620)
325 Ridgewood Avenue
Minneapolis, MN 55403

Attorneys for Plaintiffs

Dated: Feb 27, 2002

FAEGRE & BENSON LLP

David J. Goldstein (175572)
Tina L. Lorleberg (286941)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendants

M1:846516.02

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Douglas Bley, Steve Adams, Joanne Sobelman, and Jeffrey L. Wood, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

ClickShip Direct, Inc., a Minnesota corporation; and DAMARK INTERNATIONAL, INC., d/b/a Provell, a Minnesota corporation,

Defendants.

Court File No. 01-CV-661 MJD/SRN

**AGREEMENT TO BE BOUND BY STIPULATION AND <u>PROTECTIVE ORDER</u>**

---

STATE OF ________________ )
) SS.
COUNTY OF ______________ )

The undersigned, being first duly sworn and under oath, states that:

1. I have read and understand the Stipulation and Protective Order filed in the above-captioned action and I agree to abide by, and be bound by, its terms.

2. I understand that I may be found in contempt of court if I violate this Agreement.

3. I consent to the exercise of personal jurisdiction over me by this Court for purposes of enforcing this Agreement and the Stipulation and Protective Order.

______________________________

Subscribed and sworn to before me
this _______ day of ____________, 2002.

______________________________
Notary Public
M1:846516.02

**<u>EXHIBIT A</u>**

**ORDER**

Based on the foregoing stipulation, **IT IS SO ORDERED**:

Dated: ____________________, 2002

____________________________________
Michael J. Davis
United States District Court

M1:846516.02